UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION


IN RE:

STEVEN T. SIZEMORE
JOYCE SIZEMORE

DEBTORS                                            CASE NO. 04-70705

-and-

KATHY LYNN JOHNSON

DEBTOR                                             CASE NO. 05-71168


**<u>MEMORANDUM OPINION AND ORDER</u>**

These Chapter 13 proceedings have come before the court for the resolution of an issue involving the application of Bankruptcy Code Section 1322(b)(2).  The fact patterns in these proceedings are similar, if not identical.  In each proceeding the Debtors own a mobile home which sits upon a tract of real estate encumbered by a properly perfected mortgage.  The mortgagee in both cases, U.S. Bank, N.A., has not perfected its lien on the mobile home by having the lien noted on the mobile home's certificate of title.

The Debtors have proposed in their plans to treat the debts to the respective mortgagees as secured to the extent of the value of the mortgagee's interest in the real estate, leaving the remainder unsecured.  The mortgagee has objected, asserting that such treatment violates section 1322(b)(2) in that it modifies the rights of one who holds a "claim secured only by a security interest in real property that is the debtor's principal residence[.]"  11 U.S.C. § 1322(b)(2).

1

Chief Judge Joseph M.Scott, Jr., of this court, has held in *In re James S. Wilson*, Case No. 02-34305 (Bankr. E.D. Ky. June 12, 2003), that in order for a creditor to avoid a modification of its rights as to the real property and the mobile home, its claim must be secured only by a security interest in real property that is the debtor's principal residence. Where the creditor's mortgage is secured by granting a security interest in both the real property and the mobile home, the perfection of the security interest in the mobile home is governed by KRS 186A.190, which requires notation of the lien on the certificate of title. Absent such notation, the creditor is not perfected as to the mobile home and has no rights in that regard.

The court rejected the argument (the same argument that has been made in these two proceedings) that the real property constitutes the debtor's personal residence, and that the creditor's claim is therefore protected from modification by the valid mortgage on the real property. The court found that Kentucky law identifies a mobile/manufactured home as personal property which must have a certificate of title. The mobile home which was the debtor's principal residence was therefore not real property but personal property, as defined by state law. The court held that the creditor's claim was not permitted the exception to modification afforded by section 1322(b)(2).

This court agrees with Chief Judge Scott's reasoning and notes that courts in other jurisdictions have come to the same conclusion. *See In re Johnson*, 269 B.R. 246 (Bankr. M.D. Ala. 2001); *Beacham v. Somma Investments, Inc. (In re Beacham)*, 2006 WL 565929 (Bankr. M.D. Ga. February 17, 2006). The court believes that this represents the

2

prevailing view and, to the extent that this judge has previously

ruled in a manner inconsistent with the holding in *Wilson, supra*, such

ruling will no longer be followed.  This court therefore finds that

creditor U.S. Bank N.A.'s Objection to Confirmation of Debtor's

Chapter 13 Plan in Case No. 05-71168 and its Motion to Dismiss in Case

No. 04-70705 should be and hereby are OVERRULED.


Copies to:

Septtimous Taylor, Esq.
C.K. Belhasen, Esq.
Paul D. Deaton, Esq.
Chapter 13 Trustee

3

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document*
*has been signed by the Judge and electronically entered by the Clerk in the*
*official record of this case.*



**Signed By:**
***William S. Howard***
**Bankruptcy Judge**
**Dated: Thursday, April 20, 2006**
**(wsh)**